# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Catherine D. Martin,<br><br>Plaintiff,<br><br>v.<br><br>Andrew M. Saul, *Commissioner of Social Security Administration*,<br><br>Defendant. | Civil Action No. 9:18-cv-03172-JMC<br><br>**ORDER AND OPINION** |

This action arises from Plaintiff Catherine D. Martin's application to the Social Security Administration seeking disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act ("the Act"), 42 U.S.C. § 405(g) (2019). The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision because "the record contains substantial evidence to support the conclusion . . . that Plaintiff is not disabled[.]" (ECF No. 19 at 19.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 19) and **AFFIRMS** the final decision of the Commissioner.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a full recitation. (ECF No. 19 at 1–8.) Plaintiff applied for DIB in September 2010, claiming a disability onset date of December 11, 2009. (*Id.* at 1.) The alleged disability is caused by "degenerative disc disease with radiculopathy, herniated discs, carpal tunnel syndrome (CTS), hypertension, depression, and anxiety." (*Id.*) The Social Security Administration denied Plaintiff's initial application and her subsequent request for reconsideration. (*Id.*) Plaintiff appeared before

an Administrative Law Judge ("ALJ") in July 2012 seeking a review of her application. (*Id.* (citing ECF No. 11-2 at 33–65).) The ALJ issued an "Unfavorable Decision" that denied Plaintiff's request for DIB. (*Id.* (citing ECF No. 8-2 at 35).) However, the court rejected the Commissioner's final decision and remanded the case for further administrative proceedings. (*Id.* at 1–2 (citing 11-12 at 39–48).) The ALJ was instructed to consolidate Plaintiff's September 2010 DIB claim with a subsequent SSI claim filed in January 2014. (*Id.* at 2 (citing 11-12 at 73–76; 11-27 at 2–3).)

For a second time, Plaintiff appeared before an ALJ in February 2016. (*Id.* (citing ECF No. 11-11 at 25–44).) The ALJ issued another "Unfavorable Decision" in June 2016, which led Plaintiff to file a civil action for judicial review. (*Id.* (ECF No. 11-11 at 5–13).) In June 2017, the court remanded the case because the ALJ did not consider the entire period in Plaintiff's SSI claim. (*Id.* (citing ECF No. 11-25 at 26–29).)

After a third hearing, the ALJ issued yet another "Unfavorable Decision" for the following reasons:

> The claimant meets the insured status requirements of [the Act] through March 31, 2015.
>
> The claimant has not engaged in substantial gainful activity since December 11, 2009, the alleged onset date (20 C.F.R. §§ 404.1571, *et seq.*, and 416.971, *et seq.*).
>
> The claimant has the following severe impairments: degenerative disc disease status post two surgeries and asthma (20 C.F.R. §§ 404.1520(c) and 416.920(c)).
>
> The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).
>
> After careful consideration of the entire record, I find that the claimant has the residual functional capacity ["RFC"] to perform sedentary work as defined in 20 C.F.R. § 404.1567(a). Specifically, the claimant is able to lift and carry up to 10 pounds occasionally and lesser amounts frequently, sit for 6 hours in an 8-hour day, and stand and walk for 2 hours in an 8-hour day. The claimant may no more than frequently kneel, crouch, and climb ramps and stairs and occasionally stoop, crawl,

and climb ladders, ropes, and scaffolds.

The claimant is capable of performing past relevant work as a proof operator and secretary. This work does not require the performance of work-related activities precluded by the claimant's [RFC] (20 C.F.R. §§ 404.1565 and 416.965).

The claimant has not been under a disability, as defined in [the Act], from December 11, 2009, through the date of this decision (20 C.F.R. §§ 404.1520(f) and 416.920(f).

(*Id.* (citing ECF No. 11-24 at 5–20).) The Appeals Council denied Plaintiff's appeal thereby rendering the ALJ's assessment to be the final decision of the Commissioner. (*Id.*)

Plaintiff filed a Complaint on November 26, 2018. (ECF No. 1.) The Commissioner filed the administrative record on May 24, 2019. (ECF No. 11.) Plaintiff filed a brief on July 24, 2019, claiming that there is not substantial evidence to support the ALJ's decision. (ECF No. 16.) In a brief filed on September 3, 2019, the Commissioner asserts that the ALJ's findings are supported by substantial evidence and are without error. (ECF No. 17.) The Magistrate Judge issued a Report on January 16, 2020, recommending that this court affirm the Commissioner's final decision because, "after a careful review and consideration of the evidence and arguments presented, the undersigned finds and concludes for the reasons set forth hereinbelow that there is substantial evidence to support the decision of the Commissioner, and that the decision should therefore be affirmed. (ECF No. 19 at 9 (citing *Laws v. v. Celebrezze,* 368 F.2d 640 (4th Cir. 1966)).) Plaintiff timely filed Objections to the Report on January 23, 2020 (ECF No. 20), and the Commissioner filed a Reply opposing Plaintiff's Objections on February 5, 2020 (ECF No. 21).

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews*

*v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. *See* 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See id.*

### III. DISCUSSION

The Report provides the ALJ's conclusion that, "although Plaintiff does suffer from the 'severe' impairments of asthma and degenerative disc disease status post two surgeries[,] she nevertheless retained [RFC] for sedentary work with further limitations[.]" (ECF No. 19 at 9 (citing ECF No. 11-24 at 7, 11).) Moreover, "[a]t step four, the ALJ found that Plaintiff was able to perform her past relevant work as a proof operator and a secretary as actually and generally performed, and thus was not disabled[.]" (*Id.* (citing ECF No. 11-24 at 20).)

A. <u>Plaintiff's Objections</u>

Plaintiff specifically objects to the Magistrate Judge's finding that the ALJ had substantial evidence to deem her mental impairments "not severe," citing "medical records showing that she

4

retained intact attention, concentration, memory, persistence, pace, cognition, socialization, and self-care; related well to medical professionals; was a reliable historian; and engaged in medical decision making." (ECF No. 20 at 1 (citing ECF No. 19 at 11).) Moreover, "[a]ll of these facts can be true, and Plaintiff's mental health disorder can still be a 'severe' impairment." (*Id.*) Alternatively, Plaintiff claims that there is evidence of "severe" mental impairments that the ALJ failed to sufficiently explain. (*Id.* at 4 (citing ECF Nos. 11-2 at 23; 11-5 at 2; 11-6 at 27).) On the contrary, "[t]here is evidence which the ALJ failed to deal with in finding [Plaintiff's] mental impairments 'not severe.'" (*Id.* at 2 (citing ECF No. 11-29 at 16–18).) Plaintiff claims that because the ALJ's step two findings are "deficient . . . this renders the RFC findings likewise deficient." (*Id.* at 4 (citing ECF No. 19 at 17).)

B. The Court's Review

The Commissioner contends that "Plaintiff's objections raise the same arguments she presented in her moving brief – that the ALJ erred in determining her [RFC] and evaluating her severe impairments." (ECF No. 21 at 1 (*Compare* ECF No. 16 *with* ECF No. 20).) The court agrees.

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Jones v.*

5

*Hamidullah*, No. 2:05–2736–PMD–RSC, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005).

Here, after a thorough review of Plaintiff's Brief (ECF No. 16), and the Report (ECF No. 19), and Plaintiff's Objections (ECF No. 20), the court concludes that Plaintiff merely rehashes arguments sufficiently addressed in the Report. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a Magistrate Judge's Report and Recommendation in which the court concurred "with both the reasoning and the result"). As such, a *de novo* review is unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution[.]" *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief).

Indeed, at step two of the sequential evaluation process, a claimant must establish that she has a severe medically determinable impairment that "significantly limits" her ability to do 'basic work activities.'" 20 C.F.R. §§ 404.1520(c), 416.920(c). Plaintiff carries the burden of proving that an impairment is severe. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). Even if Plaintiff points to some selective evidence in support of her position (*see, e.g.,* ECF No. 20 (citing ECF Nos. 19 at 11; 11-22 at 83–90; 11-20 at 3– 5; 11-21 at 8–10; 11-18 at 61–62, 64–65, 67, 70–71; 11-29 at 16–18)), this is not enough to overcome the substantial evidence standard, which requires only that the ALJ's decision be supported by more than a mere scintilla of evidence. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154–57 (2019) (reiterating that the threshold for evidentiary sufficiency under the substantial evidence standard is "not high," and "the inquiry, as is usually true in determining the substantiality of evidence, is case-by-case . . . [and] defers to the presiding ALJ, who has seen the hearing up close.") The court is sensitive to the nature of Plaintiff's mental health. However, it is not the court's duty to weigh or re-weigh evidence; the duty to consider the evidence and resolve any conflicts in that evidence rests with the ALJ. (ECF No. 19 at 17–18 (citing *Hays v. Sullivan*,

907 F.2d 1453, 1456 (4th Cir. 1990)).) The court may not overturn a decision that is supported by substantial evidence just because the record may contain conflicting evidence. (*Id.* at 18 (citing *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996)).)

## IV. CONCLUSION

Therefore, for the reasons stated above, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 19) and **AFFIRMS** the final decision of the Commissioner.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 23, 2020
Columbia, South Carolina

7